1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

DALLAS BUYERS CLUB, LLC,

                    Plaintiff,

        v.

DOES 1-10,

                    Defendants.

Civil Action No. 2:14-cv-01153

*EX PARTE* MOTION FOR EXPEDITED
DISCOVERY

NOTE ON MOTION CALENDAR:
July 30, 2014

EX PARTE MOTION FOR EXPEDITED
DISCOVERY
Civil Action No. 2:14-cv-01153

INIP-6-0006P02 MOT ExpDISC

LOWE GRAHAM JONES ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

Plaintiff Dallas Buyers Club, LLC respectfully moves the Court for an order granting leave to take discovery prior to the Rule 26(f) conference, specifically, Rule 45 subpoenas on non-party Internet Service Providers ("ISPs").[1]

Plaintiff, a film producer and motion picture copyright holder, filed a complaint to stop Defendants from copying and distributing to others over the Internet unauthorized copies (files) of the motion pictures for which it holds the exclusive licensing and copyrights, specifically "*Dallas Buyers Club*" (the "motion picture"). Using so-called "peer-to-peer" ("P2P") or BitTorrent file "swapping" networks. Defendants' infringements allow them and untold others to unlawfully obtain and distribute for free the copyrighted motion picture. Plaintiff sued Defendants as "Doe" Defendants because Defendants committed their infringements using on-line pseudonyms ("user names" or "network names"), not their true names. At this point, Plaintiff has only been able to identify the Doe Defendants by their Internet Protocol ("IP") address and the date and time of alleged infringement.

The only way that Plaintiff can determine Defendants' actual names is from the non-party Internet Service Providers ("ISPs") to which Defendants subscribe and from which Defendants obtain Internet access. This information is readily available to the ISPs based on records kept in the regular course of business. Plaintiff seeks leave of Court to serve limited discovery prior to a Rule 26(f) conference on non-party ISPs solely to determine the true identities of the Doe Defendants, as well as any other infringers that Plaintiff identifies during the course of this litigation.

If the Court grants this Motion, Plaintiff will serve subpoenas on the ISPs requesting the identifying information. If the ISPs cannot themselves identify Doe Defendants but can identify an intermediary ISP, Plaintiff will serve a similar subpoena on that ISP. In either case, these ISPs

---

[1] Because Plaintiff does not currently know the identity of any of the Defendants and cannot effectuate service, Plaintiff brings this motion *ex parte* pursuant to LR 7(d)(1).

*EX PARTE* MOTION FOR EXPEDITED
DISCOVERY - 1
Civil Action No. 2:14-cv-01153
INIP-6-0006P02 MOT ExpDISC

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

will be able to notify their subscribers that this information is being sought and, if so notified, each Defendant will have the opportunity to raise any objections before this Court.

## A.    COURT ROUTINELY ALLOW EXPEDITED DISCOVERY

Courts routinely allow discovery to identify "Doe" defendants. *See, e.g., Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (error to dismiss unnamed defendants given possibility that identity could be ascertained through discovery); *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) ("where the identity of alleged defendants [are not] known prior to the filing of a complaint . . . the plaintiff should be given an opportunity through discovery to identify the unknown defendants"). In similar copyright infringement cases brought by motion picture studios and record companies against Doe defendants, courts have consistently granted motions for leave to take expedited discovery to serve subpoenas on ISPs to obtain the identities of Doe Defendants prior to a Rule 26 conference. *See Warner Bros. Records, Inc. v. Does 1-6*, 527 F.Supp.2d 1, 2 (D.D.C. 2007) (granting Rule 45 subpoena to identify name, address, telephone number, email address, and Media Access Control ("MAC") address of Doe Defendants). This includes expedited discovery in Doe Defendant lawsuits that are factually similar to the instant lawsuit.[2] Via such early discovery, copyright holders have obtained the identities of P2P network users from ISPs using information similar to that gathered by Plaintiff in the instant case and have used that information as the basis for their subpoenas to these ISPs.

Courts consider the following factors when granting motions for expedited discovery to identify anonymous Internet users: (1) whether the plaintiff can identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court; and (2) all previous steps taken by the plaintiff to identify the Doe Defendant; and (3) whether the plaintiff's suit could withstand a motion to dismiss.

---

[2] Such cases include *Elf-Man, LLC v. Does 1-152*, Case No. C13-0507RSL (W.D. WA. March 26, 2013); *Canal Street Films, Inc. v. Does 1-104*, Case No. 13-cv-00007RSM-RSL (W.D. WA. February 26, 2013); *Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 7 (D.D.C. 2008) (Kollar-Kotelly, J.); *Metro-Goldwyn-Mayer Pictures Inc., et al. v. Does 1-10*, Case No. 04-2005 (D.D.C.) (Robertson, J.).

*EX PARTE* MOTION FOR EXPEDITED DISCOVERY - 2
Civil Action No. 2:14-cv-01153
INIP-6-0006P02 MOT ExpDISC

LOWE GRAHAM JONES ᴾˡˡᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

1
2
3
4
5
6
7

*Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999); *see also Rocker Mgmt. LLC v. John Does 1 Through 20*, 2003 U.S. Dist. LEXIS 16277, 3-7 (N.D. Cal. 2003) (applying standard to identify persons who posted libelous statements on Yahoo! message board). Plaintiff here is able to demonstrate each one of these factors. Overall, courts have wide discretion in discovery matters and have also allowed expedited discovery when "good cause" is shown. *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002); *Qwest Comm. Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003).

8

**B.     OVERVIEW OF PLAINTIFF'S ALLEGATIONS AND FACTUAL SHOWINGS**

9
10
11
12
13
14
15
16
17
18
19

The complaint and accompanying Declaration of Daniel Macek provide background describing the online media distribution system Doe Defendants have used without authorization to download and distribute the copyrighted Motion Picture to other users on the P2P network. (Dk. #1, ¶¶ 11-13; Macek Dec. ¶¶ 3-8) In the instant case, Plaintiff has engaged Crystal Bay Corporation ("Crystal Bay"), a provider of online antipiracy services for the motion picture industry, to monitor this infringing activity. (Macek Dec. ¶¶ 2, 10) A person who uses a P2P network is free to use any alias (or "network name") whatsoever without revealing his or her true identity to other users. (Id. ¶ 6) Thus, while the forensic software used by IP Squared routinely collects, identifies and records the Internet Protocol ("IP") addresses used by those people that employ the BitTorrent protocol to share, copy, reproduce and distribute copyrighted works, it does not provide the true identities of those who are committing the infringement. (Id.)

20
21
22
23
24
25
26

As explained in the Macek declaration, Crystal Bay utilized forensic software to scan P2P networks for the presence of infringing transactions and isolate the transactions and the IP addresses of the users responsible for copying and distributing the motion picture. This information was used along with corresponding hash values and transaction dates and times to identify the "swarm" of users that were reproducing, distributing, displaying or performing the copyrighted motion picture. The software uses a geolocation functionality to confirm that IP addresses of the identified users were located this judicial district. (Id. ¶¶ 9-22)

*EX PARTE* MOTION FOR EXPEDITED
DISCOVERY - 3
Civil Action No. 2:14-cv-01153
INIP-6-0006P02 MOT ExpDISC

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

**C.     PLAINTIFF HAS GOOD CAUSE FOR DISCOVERY AND HAS MADE A *PRIMA FACIE* SHOWING OF COPYRIGHT INFRINGEMENT**

Plaintiff has sufficiently identified the Doe Defendants through the unique IP address each Doe Defendant was assigned at the time of the unauthorized distribution of the copyrighted motion picture. *See Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. at 578-80. Plaintiff has obtained each Defendant's IP address and the date and time of the Defendant's infringing activities, has traced each IP address to specific ISPs. These Defendants gained access to the Internet through their respective ISPs (under cover of an IP address) by setting up an account with the various ISPs. The ISPs can identify each Defendant by name through the IP address by reviewing subscriber activity logs. Thus, Plaintiff can show that Defendants are "real persons" whose names are known to the ISP and who can be sued in federal court. (Macek Dec. ¶ 22)

Plaintiff has asserted a *prima facie* claim for direct copyright infringement in its complaint that can withstand a motion to dismiss. Specifically, Plaintiff has alleged that: (a) it owns the exclusive rights under the registered copyright for the motion picture, and (b) the Doe Defendants copied or distributed the copyrighted motion picture without Plaintiff's authorization. (Dk. #1 ¶¶ 11-17) These allegations state a claim for copyright infringement. *See* 17 U.S.C. §106(1)(3); *A & M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1014-15 (9th Cir. 2001) (Napster users who upload file names to the search index for others to copy violate distribution rights and users who download files containing copyrighted music violate reproduction rights); *In re Aimster Copyright Litig.*, 334 F.3d 643, 645 (7th Cir. 2003), *cert. denied*, 124 S. Ct. 1069 (2004) ("Teenagers and young adults who have access to the Internet like to swap computer files containing popular music. If the music is copyrighted, such swapping, which involves making and transmitting a digital copy of the music, infringes copyright.").

Here, good cause exists because ISPs typically retain user activity logs containing the information sought for only a limited period of time before erasing the data. (Macek Dec. ¶¶ 13,

*EX PARTE* MOTION FOR EXPEDITED
DISCOVERY - 4
Civil Action No. 2:14-cv-01153
INIP-6-0006P02 MOT ExpDISC

LOWE GRAHAM JONES ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

22) If that information is erased, Plaintiff will have no ability to identify the Defendants, and thus will be unable to pursue its lawsuit to protect its copyrighted work. Where "physical evidence may be consumed or destroyed with the passage of time, thereby disadvantaging one or more parties to the litigation," good cause for discovery before the Rule 26 conference exists. *Qwest Comm.,* 213 F.R.D. at 419; *see also Pod-Ners, LLC v. Northern Feed & Bean of Lucerne LLC*, 204 F.R.D. 675, 676 (D. Colo. 2002) (allowing discovery prior to Rule 26 conference to inspect items in defendant's possession because items might no longer be available for inspection if discovery proceeded in the normal course).

Good cause exists here for the additional reason that a claim for copyright infringement presumes irreparable harm to the copyright owner. *See UMG Recordings, Inc. v. Doe,* 2008 U.S. Dist. LEXIS 92788, 19-23 (N.D. Cal. 2008) (finding good cause for expedited discovery exists in Internet infringement cases, where a plaintiff makes a *prima facie* showing of infringement, there is no other way to identify the Doe defendant, and there is a risk an ISP will destroy its logs prior to the conference); *Elvis Presley Enter., Inc. v. Passport Video,* 349 F.3d 622, 631 (9th Cir. 2003). The first and necessary step that Plaintiff must take to stop the infringement of its valuable copyrights and exclusive licensing and distribution rights is to identify the Doe Defendants who are copying and distributing the motion picture. This lawsuit cannot proceed without the limited discovery Plaintiff seeks because the ISPs are the only entities that can identify the otherwise anonymous Defendants. Courts regularly permit early discovery where such discovery will "substantially contribute to moving th[e] case forward." *Semitool,* 208 F.R.D. at 277. In this case, the discovery is beyond relevant—it is essential.

Finally, Defendants have no legitimate expectation of privacy in the subscriber information they provided to the ISPs much less in downloading and distributing the copyrighted motion picture without permission. *See Guest v. Leis,* 255 F.3d 325, 336 (6th Cir. 2001) ("computer users do not have a legitimate expectation of privacy in their subscriber information because they have conveyed it to another person—the system operator"); *Interscope Records*

*EX PARTE* MOTION FOR EXPEDITED
DISCOVERY - 5
Civil Action No. 2:14-cv-01153
INIP-6-0006P02 MOT ExpDISC

LOWE GRAHAM JONES ᴾᴸᴸᶜ
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

*v. Does 1-14,* 558 F. Supp. 2d 1176, 1178 (D. Kan. 2008) (a person using the Internet to distribute or download copyrighted music without authorization is not entitled to have their identity protected from disclosure under the First Amendment); *Sony Music Entm't, Inc. v. Does 1–40,* 326 F. Supp. 2d 556, 566 (S.D.N.Y. 2004) ("defendants have little expectation of privacy in downloading and distributing copyrighted songs without permission"). This is because a person can have no legitimate expectation of privacy in information he or she voluntarily communicates to third parties. *See, e.g., Smith v. Maryland,* 442 U.S. 735, 743-44 (1979); *U.S. v. Miller,* 425 U.S. 435, 442-43 (1976).

Although Defendants copied and distributed the motion picture without authorization using fictitious user names, their conduct was not anonymous. Using publicly available technology, the unique IP address assigned to each Defendant at the time of infringement can be readily identified. When Defendants entered into a service agreement with the ISPs they knowingly and voluntarily disclosed personal identification information to it. As set forth above, this identification information is linked to the Defendant's IP address at the time of infringement, and recorded in the ISP's respective subscriber activity logs. Because Defendants can, as a consequence, have no legitimate expectation of privacy in this information, this Court should grant Plaintiff leave to seek expedited discovery of it. Absent such leave, Plaintiff will be unable to prevent infringement of its copyrighted motion picture.

For the foregoing reasons, Plaintiff respectfully submits that the Court should grant the motion for leave to take expedited discovery prior to the Rule 26(f) conference.

RESPECTFULLY SUBMITTED this 30th day of July, 2014.

s/David A. Lowe, WSBA No. 24,453
 Lowe@LoweGrahamJones.com
LOWE GRAHAM JONES^PLLC
701 Fifth Avenue, Suite 4800
Seattle, WA 98104
T: 206.381.3300

Attorneys for Plaintiff Dallas Buyers Club, LLC

*EX PARTE* MOTION FOR EXPEDITED
DISCOVERY - 6
Civil Action No. 2:14-cv-01153
INIP-6-0006P02 MOT ExpDISC

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301