HONORABLE RICHARD A. JONES

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| IN RE COPYRIGHT INFRINGEMENT ACTIONS BROUGHT BY DALLAS BUYERS CLUB, LLC, | CASE NOS. C14-1153RAJ, C14-1336RAJ, C14-1402RAJ, C14-1684RAJ<br><br>ORDER |

In each of the above-captioned actions, the copyright holder for the motion picture *Dallas Buyers Club* has sued a collection of John Doe Defendants for unlawfully copying or distributing electronic copies of the motion picture using peer-to-peer file sharing services on the internet.

Plaintiff initially was unable to name any of the Defendants because it could identify them only by the internet protocol ("IP") addresses that they used to copy or distribute the motion picture. After issuing subpoenas to various internet service providers, Plaintiff has now identified at least some of the John Doe Defendants, and some of them have reached settlement agreements with Plaintiff.

Four of those Defendants have agreed to a permanent injunction. A permanent injunction typically comes after or in conjunction with a judgment against the enjoined party. There will be no judgment as to these four Defendants, because each of them expressly denies liability in the stipulation incorporated in the proposed injunction. The parties also insist that the court enjoin these Defendants even though they will not reveal the name of the Defendant or where he or she resides. At least two of the proposed injunctions would enjoin not only an unknown person in an unknown location, but also

ORDER – 1

unidentified persons "acting in concert" with him or her.  Moreover, the injunctive portion of each stipulated injunction consists of an agreement to abide by the law protecting Plaintiff's motion picture and to destroy any copy of that motion picture still in the Defendant's possession.  No injunction admits that such a copy exists.

None of the motions suffice to establish a basis for the entry of a permanent injunction.  Indeed, none of them mention the standard for imposition of a permanent injunction.  The court encourages the resolution of disputes, but the court declines to affix its imprimatur to an injunction order (which comes with the consequence of civil contempt for violations) under these circumstances.  The court will not enjoin parties unknown to it, it will not enter a permanent injunction absent a judgment unless the parties cite authority permitting the court to do so, and it will not enter an injunction that has no effect other than to require the parties to follow the law.

The court DENIES all of the stipulated motions for permanent injunction.  This order applies to the following motions:  Case No. C14-1153, Dkt. # 14; Case No. C14-1336, Dkt. # 14; and Case No. C14-1402 Dkt. ## 12, 14.

DATED this 6th day of November, 2014.

_____
The Honorable Richard A. Jones
United States District Court Judge

ORDER – 2