Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| DALLAS BUYERS CLUB, LLC, <br><br>  Plaintiff, <br><br> v. <br><br> TYLER MADSEN, an individual; <br> NATALIYA MOSEICHUK, an individual; <br> ANTHONY REALE, an individual; <br> OTTO JORGENSON, an individual; <br> IAN STAWN, an individual; <br> GREGORY SNIDER, an individual; <br> SCOTT VANWYK, an individual; and <br> DOE 2, <br><br>  Defendants. | Civil Action No. 14-CV-1153RAJ <br><br> FIRST AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT <br><br> JURY TRIAL REQUESTED |

Plaintiff Dallas Buyers Club, pursuant to Fed. R. Civ. Proc. 15(a)(1), hereby submits its first amended complaint against Defendants:

## I. INTRODUCTION

1. Plaintiff Dallas Buyers Club, LLC is a developer and producer of the motion pictures *Dallas Buyers Club* ("motion picture"). Plaintiff brings this action in an effort to stop Defendants and others from copying and distributing to others unauthorized copies of the Plaintiff's copyrighted motion picture through the BitTorrent file sharing protocol. Defendants'

FIRST AMENDED COMPLAINT - 1
Civil Action No. 14-CV-1153RAJ
INIP-6-0006P06 1stAMDCMP

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

infringements allow them and others to unlawfully obtain and distribute unauthorized copyrighted works that the Plaintiff expended significant resources to create. Each time a Defendant unlawfully distributes an unauthorized copy of the Plaintiff's copyrighted motion picture to others over the Internet, each person who copies that motion picture can then distribute that unlawful copy to others without any significant degradation in sound and picture quality. Thus, a Defendant's distribution of even a part of an unlawful copy of a motion picture can further the nearly instantaneous worldwide distribution of that single copy to an unlimited number of people. Further, Defendants acts of distributing Plaintiff's motion picture support, maintain and further a for-profit exploitation of the works of Plaintiff and others. The Plaintiff now seeks redress for this rampant infringement of its exclusive rights.

## II.  JURISDICTION AND VENUE

2. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 US.C. § 101 et seq.).

3. This Court has jurisdiction under 17 US.C. § 101 et seq.; 28 US.C. § 1331 (federal question); and 28 US.C. § 1338(a) (copyright).

4. Venue in this District is proper under 28 US.C. § 1391(b) and/or 28 U.S.C. §1400(a). Although the true identity of each Defendant is unknown to Plaintiff at this time, on information and belief each Defendant may be found in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District. On information and belief, personal jurisdiction in this District is proper because each Defendant, without consent or permission of Plaintiff as exclusive rights owner, distributed and offered to distribute over the Internet copyrighted works for which Plaintiff has exclusive rights.

## III.  PARTIES

**A.  PLAINTIFF DALLAS BUYERS CLUB, LLC AND ITS COPYRIGHT**

5. Plaintiff is a limited liability company having a place of business at 2170 Buckthorne Place, Suite 400, The Woodlands, TX 77380. Plaintiff is engaged in the

FIRST AMENDED COMPLAINT - 2
Civil Action No. 14-CV-1153RAJ
INIP-6-0006P06 1stAMDCMP

LOWE GRAHAM JONES℠
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

production of the motion picture known as and entitled *"Dallas Buyers Club"* for theatrical exhibition, home entertainment, and other forms of distribution.

6. Plaintiff is the owner of the exclusive rights under copyright in the United States in *Dallas Buyers Club*. *Dallas Buyers Club* been registered with the United States Copyright Office by the author, Dallas Buyers Club, LLC, effective November 13, 2013, and assigned Registration No. PA 1-873-195. (Exhibit A)

7. Under the Copyright Act, Plaintiff is the proprietor of all right, title, and interest in *Dallas Buyers Club*, including the exclusive rights to reproduce and distribute to the public as well as the right to sue for past infringement.

8. *Dallas Buyers Club* contains wholly original material that is copyrightable subject matter under the laws of the United States. It is easily discernible as a professional work as it was created using professional performers, directors, cinematographers, lighting technicians, set designers and editors and with professional-grade cameras, lighting and editing equipment. *Dallas Buyers Club* received six Academy Award nominations including Best Motion Picture of the Year and was awarded Best Performance by an Actor in a Leading Role, Best Performance by an Actor in a Supporting Role and Best Achievement in Makeup and Hairstyling. Prior to its Oscar nominations, the motion picture won two Golden Globe awards for Best Performance by an Actor in a Motion Picture and Best Performance by an Actor in a Supporting Role in a Motion Picture. To date, *Dallas Buyers Club* has received worldwide critical acclaim and has won at least 67 awards and garnered an additional 33 nominations. (Exhibit B) It has significant value and has been created, produced and lawfully distributed at considerable expense. *Dallas Buyers Club* is currently offered for sale in commerce, playing in theaters and available for rental and/or purchase from Amazon, iTunes, Netflix and Blockbuster On Demand, among others.

9. Defendants have notice of Plaintiff's rights through general publication and advertising and more specifically as identified in the content of the motion picture, advertising

FIRST AMENDED COMPLAINT - 3
Civil Action No. 14-CV-1153RAJ
INIP-6-0006P06 1stAMDCMP

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

associated with the motion picture, and all packaging and copies, each of which bore a proper copyright notice.

B. **DEFENDANTS**

10. On information and belief, each Defendant copied and distributed Plaintiff's copyrighted motion picture *Dallas Buyers Club*. When originally filed, the true names of Defendants were unknown to Plaintiff. Rather, each Defendant was known to Plaintiff only by the Internet Protocol ("IP") address assigned by an Internet Service Provider ("ISP") and the date and at the time at which the infringing activity of each Defendant was observed, as explained in detail below. On information and belief, ISP's such as Comcast generally assign an IP address to a single party for extended periods of time, often for months or even years. As such it is likely that for all relevant times each Defendant was the sole party responsible for and in control of IP address. As explained in further detail below, through geolocation, the IP address used by each Defendant was traced to the Western District of Washington. The IP addresses, hash value, dates and times, ISP and geolocation contained in Exhibit C correctly reflect the subscribers using the IP addresses and that they were all part of a "swarm" of users that were reproducing, distributing, displaying or performing the copyrighted work.

11. On August 18, 2014, the Court authorized Plaintiff to conduct expedited discovery with the ISP that assigned the IP addresses to each Defendant in this case, namely, Comcast Cable Holdings, Inc. ("Comcast"). (Dkt. No. 8) Plaintiff promptly served the subpoena on Comcast. On September 19, 2014, Comcast responded to the subpoena providing the identity of each Defendant except Doe 2 in this case. The identity of Doe 2 was withheld due to a motion to quash filed by counsel for this Defendant on September 16, 2014. (Dkt. No. 9) The Court denied the motion to quash on November 6, 2016. (Dkt. No. 16) Comcast responded to the subpoena providing the identity of Doe 2 on November 18, 2014. Plaintiff has therefore now secured the identity of each individual still in the case to which the IP address at the noted time was assigned, attached as Exhibit D.

FIRST AMENDED COMPLAINT - 4
Civil Action No. 14-CV-1153RAJ
INIP-6-0006P06 1stAMDCMP

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

12. After receipt of the identity of each Defendant, Plaintiff engaged in further due diligence in a good faith effort to confirm, on information and belief, that the identified subscriber was the person responsible for the infringing conduct. For example, each IP address had been observed associated with significant infringing activity and with the exchange of multiple other titles on peer-to-peer networks apart from but in some instances close in time to that of *Dallas Buyers Club*. See Exhibit E hereto, which are true and correct copies of printouts listing such activity corresponding to each Doe identified below. The volume, titles and persistent observed BitTorrent activity associated with each Defendant's IP address indicate (a) that each Defendant is not a transitory or occasional guest, but either the primary subscriber of the IP address or someone who resides with the subscriber and is an authorized user of the IP address; (b) that any user of the IP address would likely have been aware of the bandwidth devoted to this activity through general service slowdown throughout the observed period of activity as residential data services typically have limited capacity; (c) that such subscriber or resident of the location is likely to have been aware of at least some of the infringing activity throughout the observed period of activity; and (d) that each Defendant is not a child, but an adult, often with mature distinct tastes.

13. In certain instances, the pattern of BitTorrent activity associated with the IP address was observed to cease on or near dates coinciding with notices sent by ISP Comcast or Plaintiff, providing a further indication that the subscriber either was the infringer or was award of the ongoing infringement utilizing the IP address assigned to the subscriber, and was in a position to control ongoing BitTorrent activity.

14. Google address mapping and county records were investigated to confirm ownership/rental status of and residence at the property associated with the IP address, as well as observe the physical makeup and layout of the house and neighborhood to anticipate possible claims that a wireless signal was high jacked by someone outside of the residence. Further, given the standard security measures imposed by Comcast to prevent unauthorized use of an IP

FIRST AMENDED COMPLAINT - 5
Civil Action No. 14-CV-1153RAJ
INIP-6-0006P06 1stAMDCMP

LOWE GRAHAM JONES
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

address, the volume of piracy demonstrated over the extended observation period could not be the result of someone driving by, a temporary houseguest or a hacker sitting in a car on the street

15. Where possible, social media sites such as Facebook and LinkedIn were used to obtain further information on the subscriber.

16. Finally, in an exercise of caution, multiple letters were send to the subscribers identified by Comcast, or their counsel to the extent Plaintiff was made aware thereof, informally requesting their voluntary participation in identifying the actual infringer, to the extent that is different from the subscriber. Where responses were received, Plaintiff attempted further informal follow-up with the subscriber or their attorney, again in an effort to ensure, as much as possible short of formal litigation proceedings, that each Doe Defendant was properly named.

17. Based on the investigation to date, and on information and belief, Plaintiff identifies the Does remaining in this case on information and belief as follows:

18. ISP Comcast assigned Doe 3 IP address 98.232.34.230 to Defendant Tyler Madsen at address 1292 Griggs St., Dupont, WA 98327 for a period of time, including but not limited to on 6/26/14 at 12:05:19 PM UTC, and Defendant Madsen's IP address was observed infringing Plaintiff's motion picture at that time. At all times material, Defendant Madsen resided in or around Dupont, Washington.

19. ISP Comcast assigned Doe 4 IP address 67.185.138.171 to Defendant Nataliya Moseichuk at address 15020 226th Ave SE, Monroe, WA 98272 for a period of time, including but not limited to on 5/20/14 at 11:07:45 PM UTC, and Defendant Moseichuk's IP address was observed infringing Plaintiff's motion picture at that time. At all times material, Defendant Moseichuk resided in or around Monroe, Washington.

20. ISP Comcast assigned Doe 5 IP address 50.135.196.210 to Defendant Anthony Reale at address 14170 NE 183rd St., Apt. 122, Woodinville, WA 98072 for a period of time, including but not limited to on 6/14/14 at 11:12:40 PM UTC, and Defendant Reale's IP address

FIRST AMENDED COMPLAINT - 6
Civil Action No. 14-CV-1153RAJ
INIP-6-0006P06 1stAMDCMP

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

was observed infringing Plaintiff's motion picture at that time. At all times material, Defendant Reale resided in or around Woodinville, Washington.

21. ISP Comcast assigned Doe 6 IP address 67.160.31.0 to Defendant Otto Jorgenson at address 205 T St. SE, Auburn, WA 98002 for a period of time, including but not limited to on 6/7/14 at 05:38:49 PM UTC, and Defendant Jorgenson's IP address was observed infringing Plaintiff's motion picture at that time. At all times material, Defendant Jorgenson resided in or around Auburn, Washington.

22. ISP Comcast assigned Doe 8 IP address 76.28.197.136 to Defendant Ian Strawn at address 3088 118th Ave SE, Apt. P104, Bellevue, WA 98005 for a period of time, including but not limited to on 5/20/14 at 12:28:09 AM UTC, and Defendant Strawn's IP address was observed infringing Plaintiff's motion picture at that time. At all times material, Defendant Strawn resided in or around Bellevue, Washington.

23. ISP Comcast assigned Doe 9 IP address 24.16.219.187 to Defendant Gregory Snider at address 3521 SW Myrtle St., Seattle, WA 98126 for a period of time, including but not limited to on 5/15/14 at 08:39:59 PM UTC, and Defendant Snider's IP address was observed infringing Plaintiff's motion picture at that time. At all times material, Defendant Snider resided in or around Seattle, Washington.

24. ISP Comcast assigned Doe 10 IP address 67.185.106.96 to Defendant Scott Vanwyk at address 8215 133rd St. E, Puyallup, WA 98373 for a period of time, including but not limited to on 6/15/14 at 10:02:14 AM UTC, and Defendant Vanwyk's IP address was observed infringing Plaintiff's motion picture at that time. At all times material, Defendant Vanwyk resided in or around Puyallup, Washington.

25. Plaintiff has not named in this amended complaint the person identified as Doe 2. With respect to this Defendant, Plaintiff anticipates filing a motion for more time for further preliminary discovery, and amended complaint or a stipulated dismissal.

FIRST AMENDED COMPLAINT - 7
Civil Action No. 14-CV-1153RAJ
INIP-6-0006P06 1stAMDCMP

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

## IV. PEER-TO-PEER NETWORKS AND THE BITTORRENT PROTOCOL

26. Defendants are each participants in a peer-to-peer ("P2P") network using the BitTorrent protocol. The BitTorrent protocol makes even small computers with low bandwidth capable of participating in large data transfers across a P2P network. To begin an exchange, the initial file-provider intentionally elects to share a file with a torrent network. This initial file is called a seed. Other users ("peers") connect to the network and connect to the seed file to download. As yet additional peers request the same file each additional user becomes a part of the network from where the file can be downloaded. However, unlike a traditional peer-to-peer network, each new file downloader is receiving a different piece of the data from users who have already downloaded the file that together comprises the whole. This piecemeal system with multiple pieces of data coming from peer members is usually referred to as a "swarm." The effect of this technology makes every downloader also an uploader of the illegally transferred file(s). This means that every "node" or peer user who has a copy of the infringing copyrighted material on a torrent network can also be a source of download, and thus distributor for that infringing file.

27. This distributed nature of BitTorrent leads to a rapid viral spreading of a file throughout peer users. As more peers join the swarm, the likelihood of a successful download increases. Essentially, because of the nature of the swarm downloads as described above, every infringer is sharing copyrighted material with other infringers.

28. Defendants actions are part of a common design, intention and purpose to hide behind the apparent anonymity provided by the Internet and the BitTorrent technology to download pieces of the copyrighted motion picture in a manner that, but for the investigative technology used by Plaintiff, would be untraceable, leaving the Plaintiff without the ability to enforce its copyright rights. By participating in the "swarm" to download Plaintiff's copyright motion picture, the Defendants agreed with one another to use the Internet and BitTorrent technology to engage in violation of federal statute to accomplish and unlawful objective.

FIRST AMENDED COMPLAINT - 8
Civil Action No. 14-CV-1153RAJ
INIP-6-0006P06 1stAMDCMP

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

## V. COMPUTER FORENSIC IDENTIFICATION OF BITTORRENT INFRINGEMENT

29. The Plaintiff has identified each Defendant by the IP address assigned by the ISP used by each Defendant and the date and at the time at which the infringing activity of each Defendant was observed. This is accomplished using forensic software to collect, identify and record the IP addresses in use by those people that employ the BitTorrent protocol to share, copy, reproduce and distribute copyrighted works.

30. More specifically, forensic software is used to scan peer-to-peer networks for the presence of infringing transactions with respect to a particular audiovisual work. Any digital copy of an audiovisual work may be uniquely identified by a unique, coded, string of characters called a "hash checksum." The hash checksum is a string of alphanumeric characters generated by a mathematical algorithm known as US Secure Hash Algorithm 1 or "SHA-1." This software facilitates the identification of computers that are used to transmit a copy or a part of a copy of a digital media file identified by a particular hash value by their IP address at a particular date and time. To overcome concerns with spoofing or the like, a direct TCP connection is made to each defendant's computer. Additional software using geolocation functionality is then used to confirm the geographical location of the computer used in the infringement. Though an IP address alone does not reveal the name or contact information of the account holder, in this case the Doe Defendant, it does reveal the likely general location of the Defendant. IP addresses are distributed to ISPs by public, nonprofit organizations called Regional Internet Registries. These registries assign blocks of IP addresses to ISPs by geographic region. In the United States, these blocks are assigned and tracked by the American Registry of Internet Numbers. Master tables correlating the IP addresses with local regions are maintained by these organizations in a publicly available and searchable format. An IP address' geographic location can be further narrowed by cross-referencing this information with secondary sources such as data contributed to commercial databases by ISPs.

FIRST AMENDED COMPLAINT - 9
Civil Action No. 14-CV-1153RAJ
INIP-6-0006P06 1stAMDCMP

LOWE GRAHAM JONES
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

31. The end result are evidence logs of infringing transactions and the IP addresses of the users responsible for copying and distributing the audiovisual work, here *Dallas Buyers Club*. The IP addresses, hash value, dates and times, ISP and geolocation obtained correctly reflect the subscribers using the IP addresses and that they were all part of a "swarm" of users that were reproducing, distributing, displaying or performing the copyrighted work.[1] As noted above, through early discovery authorized by the Court, Plaintiff was able to identify the Does associated with the IP addresses observed infringing *Dallas Buyers Club* in this case.

### VI. JOINDER

32. Each Defendant is alleged to have committed violations of 17 U.S.C. § 101 *et. seq.* within the same series of transactions or occurrences (e.g. downloading and distribution of the same copyrighted motion picture owned by Plaintiff) and by using the same means (BitTorrent network). The infringed work was included in one file related to the torrent file; in other words, all of the infringements alleged in this lawsuit arise from the exact same unique copy of Plaintiff's movie as evidenced by the cryptographic hash value. The Defendants are all part of the exact same "swarm." Defendants' acts occurred in the same series of transactions because each Defendant downloaded and/or distributed, or offered to distribute *Dallas Buyers Club* to other infringers on the network, including the Doe Defendants and/or other network users, who in turn downloaded and/or distributed the motion picture. The temporal proximity of the observed acts of each Defendant, together with the known propensity of BitTorrent participants to actively exchange files continuously for hours and even days, makes it possible that Defendants either directly exchanged the motion picture with each other, or did so through

---

[1] In logs kept in the ordinary course of business, ISPs keep track of the IP addresses assigned to their subscribers. Once provided with an IP address, plus the date and time of the detected and documented infringing activity, ISPs can use their subscriber logs to identify the subscriber with more specificity. Only the ISP to whom a particular IP address has been assigned for use by its subscribers can correlate that IP address to a particular subscriber. From time to time, a subscriber of Internet services may be assigned different IP addresses from their ISP. Thus, to correlate a subscriber with an IP address, the ISP also needs to know when the IP address was being used. Unfortunately, many ISPs only retain for a very limited amount of time the information necessary to correlate an IP address to a particular subscriber, making early discovery important.

FIRST AMENDED COMPLAINT - 10
Civil Action No. 14-CV-1153RAJ
INIP-6-0006P06 1stAMDCMP

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

intermediaries and each shared in the distribution of the motion picture to others. Therefore, Defendants each conspired with other infringers on the BitTorrent network to copy and/or distribute *Dallas Buyers Club*, either in the same transaction or occurrence or a series of transactions or occurrences.

33. To use BitTorrent, a user intentionally downloads a program that they then install on their computer called a "client." The BitTorrent client is the user's interface during the downloading/uploading process. The client may be free, supported by advertising, offer upgrades or add on services for a fee, or a combination of several options. Users then intentionally visit a "torrent site" or network site to find media or content available for download, often using a standard web browser. A torrent site is often advertising revenue or subscription supported index of media or content being made available by other users on the network and maintains a listing of movies and television programs among other protected content. A user then uses the torrent site to connect with other users and exchange or "share" content though the BitTorrent protocol often with many users at the same time.

34. Internet piracy, and in particular BitTorrent piracy, though known as peer-to-peer file sharing, is often a for-profit business as many software clients, torrent sites and networks generate millions of dollars in revenue through sales and advertising. To increase the value of the advertising and sometimes subscription access sold by torrent sites, many torrent sites work to expand the pool of available titles and speed of downloads through increasing the number of member peers and thus the desirability of their clients and networks. To accomplish this they reward participants who contribute by giving them faster download speeds, greater access, or other benefits.

35. A significant element of the BitTorrent economic model is that those who participate and download movies not only share and upload movies with others, but participants are often rewarded through various means based on the volume and availability of content participants in turn provide the network. In sum, there is a feedback incentive for participants as

FIRST AMENDED COMPLAINT - 11
Civil Action No. 14-CV-1153RAJ
INIP-6-0006P06 1stAMDCMP

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

they obtain not only the benefit of their pirated copy of a movie, but they obtain other benefits by increasing the availability of pirated content to others. As such there are a growing number of users that participate in peer-to-peer networks and receive personal gain or compensation in that the networks they use reward those who provide large numbers of files for upload to others.

36. The use of BitTorrent does more than cause harm through the theft of intellectual property. The BitTorrent distribution of pirated files is a model of business that profits from theft through sales and advertising and a system of rewards and compensation to the participants, each of whom contribute to and further the enterprise. Each Defendant is a participant in the BitTorrent distribution of pirated files and the substantially similar conduct of each Defendant furthered a model of business that profits from theft of intellectual property including Plaintiff's motion picture.

37. Accordingly, pursuant to Fed.R.Civ.P. 20(a)(2) each of the Defendants is therefore properly joined at least because: (a) the infringement complained of herein by each of the Defendants was part of a series of transactions involving an identical copy of Plaintiff's copyrighted work; (b) the conduct of each Defendant jointly and collectively supported and advanced an economic business model of profiting from the piracy of Plaintiff's copyrighted work; (c) there are common questions of law and fact; and (c) each Defendant knowingly and actively participated in a conspiracy to perform an illegal act and/or injure Plaintiff through use of the BitTorrent protocol to infringe Plaintiff's copyrighted work.

38. Permissive joinder in the instant case is to permit a more efficient management of Plaintiff's claims against the several Defendants and to reduce the costs to Plaintiff and Defendants and to reduce the costs and burdens on the Court. Notice is provided, that on being specifically identified and on request from an identified Defendant, Plaintiff agrees to sever any Defendant that claims prejudice in being joined in this matter and to proceed against each such Defendant individually.

FIRST AMENDED COMPLAINT - 12
Civil Action No. 14-CV-1153RAJ
INIP-6-0006P06 1stAMDCMP

LOWE GRAHAM JONES ᴘʟʟᴄ
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

### VII. CAUSE OF ACTION—COPYRIGHT INFRINGEMENT

39. Plaintiff realleges the substance of the prior paragraphs.

40. Plaintiff owns the exclusive rights to the commercially released motion picture *Dallas Buyers Club*, which has significant value and has been acquired, produced and created at considerable expense.

41. At all relevant times Plaintiff has been the holder of the pertinent exclusive rights infringed by Defendants to the copyrighted motion picture *Dallas Buyers Club*. The motion picture is the subject of a valid Certificate of Copyright Registration.

42. Plaintiff is informed and believes that each Defendant, without the permission or consent of Plaintiff, has used, and continues to use, an online media distribution system to wrongfully misappropriate, reproduce and distribute to the public, including by making available for distribution to others, *Dallas Buyers Club*. On information and belief, each Defendant participated in a swarm and/or reproduced and/or distributed the same seed file of *Dallas Buyers Club* in digital form either directly with each other. Plaintiff has identified each Defendant by the IP address assigned to that Defendant by his or her ISP and the date and at the time at which the infringing activity of each Defendant was observed.

43. In addition or in the alternative, Defendants obtained Internet access through an ISP and permitted, facilitated and materially contributed to the extensive use of the Internet through his ISP for infringing Plaintiff's exclusive rights under The Copyright Act by others. Defendants, with knowledge of the infringing conduct, failed to reasonably secure, police and protect the use of his Internet service against use for improper purposes such as piracy, including the downloading and sharing of Plaintiff's motion picture by others. Defendants had the right and ability to supervise and control the activity constituting the infringement.

44. In doing so, each Defendant has directly and/or contributorily violated Plaintiff's exclusive rights of at least reproduction, preparation derivative works and distribution. Each

FIRST AMENDED COMPLAINT - 13
Civil Action No. 14-CV-1153RAJ
INIP-6-0006P06 1stAMDCMP

LOWE GRAHAM JONES℠
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

Defendant's actions constitute infringement of Plaintiff's exclusive rights protected under 17 US.C. § 101 et seq.

45. *Dallas Buyers Club* contains a copyright notice advising the viewer that the motion picture is protected by the copyright laws. Each of the Defendants' actions with respect to copyright infringement and other acts described herein were made with full knowledge of Plaintiff's ownership of the copyrights in the motion picture.

46. The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause the Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. The Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, the Plaintiff is entitled to injunctive relief prohibiting each Defendant from further infringing the Plaintiff's copyright and ordering that each Defendant destroy all copies of the copyrighted motion picture made in violation of the Plaintiff's copyrights.

47. By reason of the foregoing acts, if such remedy is elected at trial, Plaintiff is entitled to statutory damages from Defendants pursuant to 17 USC §504, *et seq*. Alternatively, at Plaintiff's election, Plaintiff is entitled to its actual damages incurred as a result of Defendants' acts of infringement plus any profits of Defendants attributable to the infringements.

48. The foregoing acts of infringement have been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

49. As a result of each Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to its attorneys' fees and costs pursuant to 17 US.C. § 505.

### VIII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against each Defendant as follows:

A. Pursuant to 17 U.S.C. §502, an order preliminarily and permanently enjoining each Defendant from directly or indirectly infringing Plaintiff's rights in *Dallas Buyers Club* and any motion picture, whether now in existence or later created, that is owned or controlled by Plaintiff ("Plaintiff's motion pictures"), including without limitation by using the Internet to reproduce or copy, distribute or

FIRST AMENDED COMPLAINT - 14
Civil Action No. 14-CV-1153RAJ
INIP-6-0006P06 1stAMDCMP

LOWE GRAHAM JONES℠
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

otherwise make available for distribution to the public Plaintiff's motion pictures, except pursuant to a lawful license or with the express authority of Plaintiff.

B. Pursuant to 17 U.S.C. § 503, an order that each Defendant destroy all copies of Plaintiff's motion pictures that Defendant has downloaded onto any computer hard drive or server without Plaintiff's authorization and shall destroy all copies of those motion pictures transferred onto any physical medium or device in each Defendant's possession, custody, or control.

C. An order that each Defendant file with this Court and serve on Plaintiff, within 30 days of service of this order, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the terms of the ordered relief.

D. Pursuant to 17 U.S.C. § 504 or other applicable provision, for actual or statutory damages, at the election of Plaintiff, and a finding of willful infringement.

E. Pursuant to 17 U.S.C. § 505, for Plaintiff's reasonable attorney's fees and costs.

F. For such other and further relief as the Court deems proper.

RESPECTFULLY SUBMITTED this 24th day of November, 2014.

s/David A. Lowe, WSBA No. 24,453
Lowe@LoweGrahamJones.com
LOWE GRAHAM JONES<sup>PLLC</sup>
701 Fifth Avenue, Suite 4800
Seattle, WA 98104
T: 206.381.3300
F: 206.381.3301

Attorneys for Plaintiff Dallas Buyers Club, LLC

FIRST AMENDED COMPLAINT - 15
Civil Action No. 14-CV-1153RAJ
INIP-6-0006P06 1stAMDCMP

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301