HONORABLE RICHARD A. JONES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DALLAS BUYERS CLUB, LLC,

               Plaintiff,

        v.

TYLER MADSEN, et al.,

               Defendants.

CASE NO. C14-1153RAJ

ORDER

## I.  INTRODUCTION

This Matter comes before the Court on Plaintiff Dallas Buyers Club, LLC's ("Plaintiff") Motion for Default Judgment And Permanent Injunction Against Defendant Tyler Madsen ("Mr. Madsen").  Dkt. # 46.  For the reasons set forth below, this Court will **GRANT** Plaintiff's Motion.

## II.  BACKGROUND

This case is one of 13 practically identical cases filed between July 2014 and April 2015 alleging copyright infringement by 4 to 39 Doe defendants.  This case, however, is unique in that Plaintiff has filed an amended complaint naming several defendants.  *See* Dkt. # 19.

The facts of this case are simple.  Plaintiff is a developer and producer of the movie *Dallas Buyers Club*.  *See* Am. Compl. ¶ 1.  Plaintiff is the owner of a registered copyright in *Dallas Buyers Club*, Registration No. PA 1-873-195.  *See id.* ¶ 6, Ex. A.  Mr. Madsen, along with several other defendants, is alleged to have participated in a peer-to-

ORDER – 1

peer network using the BitTorrent protocol[1] to download and share *Dallas Buyers Club*. *See id.* ¶¶ 18, 26.  Mr. Madsen in particular is alleged to have been assigned the IP address 98.232.34.230, which was observed sharing *Dallas Buyers Club* on June 26, 2014.  *See id.* ¶ 18.  Plaintiff has not authorized any defendant to use an online media distribution system, including BitTorrent, to misappropriate, reproduce, or distribute *Dallas Buyers Club* to the public.  *See id.* ¶ 42.

Plaintiff has now brought a claim for copyright infringement against Mr. Madsen and the other defendants for their participation in the BitTorrent "swarm" or other conduct.  *See id.* ¶¶ 39-49.  Through this Motion, Plaintiff seeks default judgment against Mr. Madsen including a permanent injunction, statutory damages, and costs and attorneys' fees.

## III.  LEGAL STANDARD

Federal Rule of Civil Procedure 55(b) authorizes a court to grant default judgment. Typically, default judgment is entered after the Clerk of Court has entered default under Federal Rule of Civil Procedure 55(a), but district courts also have that authority.  *See Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011).

The court's role in considering a motion for default judgment is not ministerial. The court must accept all well-pleaded allegations of the complaint as established fact, except facts related to the amount of damages.  *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).  Where those facts establish a defendant's liability, the court has discretion, not an obligation, to enter a default judgment.  *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  The plaintiff must provide evidence to support a claim for a particular sum of damages.  *TeleVideo Sys.*, 826 F.2d at 917-18; *see also* Fed. R.

---

[1] Numerous courts have described how the BitTorrent protocol works in detail.  *See e.g., Purzel Video GmbH v. Biby*, 13 F. Supp. 3d 1127, 1131-33 (D. Colo. 2014); *Patrick Collins, Inc. v. John Does 1-21*, 282 F.R.D. 161, 162-64 (E.D. Mich. 2012); *Malibu Media, LLC v. John Does 1-5*, 285 F.R.D. 273, 275-76 (S.D.N.Y. 2012).

ORDER – 2

Civ. P. 55(b)(2)(B).  Where the plaintiff cannot prove that the sum he seeks is "a liquidated sum or capable of mathematical calculation," the court must conduct a hearing or otherwise ensure that the damage award is appropriate.  *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981).

## IV.  DISCUSSION

### a.  Whether Plaintiff Has Proven Copyright Infringement

Plaintiff must first prove Mr. Madsen's liability.  To establish copyright infringement, plaintiff must show two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."  *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 846 (9th Cir. 2012) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).

Plaintiff has alleged and shown its ownership of a valid and registered copyright in the *Dallas Buyers Club* film.  *See* Am. Compl. ¶¶ 1, 6, Ex. A.  This "is considered prima facie evidence of the validity of the copyright."  *Syntek Semiconductor Co., Ltd. v. Microchip Tech. Inc.*, 307 F.3d 775, 781 (9th Cir. 2002); 17 U.S.C. § 410(c).  As such, Plaintiff has established the first element.

Plaintiff has also alleged that Mr. Madsen copied pieces of *Dallas Buyers Club*. *See id.* ¶¶ 18, 32, 42.  More specifically, Plaintiff has alleged and presented evidence that the IP address assigned to Mr. Madsen copied and distributed pieces of the film.  *See id.* ¶ 18; *see also* Dkt. # 47 (Lowe Decl.) Ex. A at 10.  To be sure, Plaintiff has only presented limited evidence that Mr. Madsen copied 16,397 bytes of the *Dallas Buyers Club* film (*see* Dkt. # 49 (Patzer Decl.) ¶¶ 9-10), far less than the file size of a full length film (*see* Richard Swope, *Peer-to-Peer File Sharing and Copyright Infringement: Danger Ahead for Individuals Sharing Files on the Internet*, 44 Santa Clara L. Rev. 861, 896 (2004) (full length, compressed films require at least 750 megabytes of storage)), and likely to be useless (*see Malibu Media, LLC v. John Does 1 through 10,* No. 2:12-CV-3623-ODW, 2012 WL 5382304, at *2 (C.D. Cal. June 27, 2012) ("individual pieces are useless until a

ORDER – 3

user has all of them")).  Nevertheless, Plaintiff appears to have alleged that Mr. Madsen copied and distributed the entire file (*see* Am. Compl. ¶ 42 (alleging that each defendant distributed the same "seed file" of *Dallas Buyers Club*)) and "even a small taking may sometimes be actionable" (*Norse v. Henry Holt & Co.*, 991 F.2d 563, 566 (9th Cir. 1993) (rejecting argument that copying was so insignificant as to not be actionable copyright infringement)).  The second element has been met, and the Court finds that Plaintiff has established Mr. Madsen's liability for copyright infringement.

      b.  <u>Whether Default Judgment Is Appropriate</u>

Having established liability, Plaintiff must also show that default judgment is warranted.  Courts often apply the factors listed in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) to determine if default judgment is appropriate.  Those factors are: (1) the possibility of prejudice to plaintiff, (2) the merits of plaintiff's substantive claims, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect, and (7) the strong public policy favoring decisions on the merits.  *Id.*

Plaintiff does not make any argument on these points, but the factors generally weigh in favor of granting default judgment.  Without entry of default judgment, Plaintiff will be prejudiced because it will be left without a legal remedy.  *See Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010).  As discussed above, Plaintiff has adequately alleged and shown Mr. Madsen's liability.  The amount at stake is also relatively modest – Plaintiff seeks $2,500 in statutory damages and $4,086.77 in costs and attorneys' fees.  *See* Dkt. # 46 at 7.  Finally, it is unlikely that Mr. Madsen's failure to respond is the product of excusable neglect.  Plaintiff properly served Mr. Madsen in December 2014 and numerous other defendants served at that time have appeared.  *See* Dkt. # 22-28, 30-31, 33-35.

ORDER – 4

The Court acknowledges that a dispute may arise concerning material facts, including whether Mr. Madsen is the actual infringer. *See In re BitTorrent Adult Film Copyright Infringement Cases*, 296 F.R.D. 80, 84 (E.D.N.Y. 2012) (finding that "it is no more likely that the subscriber to an IP address carried out a particular computer function . . . than to say an individual who pays the telephone bill made a specific telephone call."). Nevertheless, the Court finds that such a possibility is insufficient to outweigh the other factors weighing in favor of granting default judgment. Finally, although there is a strong policy for deciding cases on their merits (*see Eitel*, 782 F.2d at 1472), Mr. Madsen's failure to respond to Plaintiff's claims means that this factor does not preclude entry of default judgment (*see Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1013 (C.D. Cal. 2014)).

As the *Eitel* factors generally weigh in favor of granting default judgment, the Court will **GRANT** Plaintiff's Motion. What remains is determining what relief Plaintiff should be awarded.

    c.  <u>Appropriate Relief</u>

Plaintiff requests three categories of relief: (1) permanent injunctive relief, (2) statutory damages not less than $2,500, and (3) attorneys' fees and costs. *See* Dkt. # 46 at 7.

          *i.   Injunctive Relief*

Plaintiff first requests an injunction enjoining Mr. Madsen from infringing on Plaintiff's rights in *Dallas Buyers Club*, including through using the Internet. *See* Dkt. # 46 at 4-5. 17 U.S.C. § 502(a) permits a court to grant final injunctions to "prevent or restrain infringement of a copyright." Under 17 U.S.C. § 503(b), the court may order the destruction of copies found to have been made or used in violation of a copyright owner's rights. Parties obtaining a permanent injunction ordinarily must satisfy a four part test: (1) irreparable harm; (2) lack of adequate remedies at law; (3) the balance of hardships

ORDER – 5

weighs in its favor; and (4) the injunction is in the public's interest. *See eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 393-94 (2006).

The Court agrees that injunctive relief is appropriate here. As in numerous other BitTorrent cases (*see e.g., Malibu Media, LLC v. Flanagan,* No. 2:13-CV-5890, 2014 WL 2957701, at *5 (E.D. Pa. July 1, 2014)), the four elements are established here. Furthermore, "[a]s a general rule, a permanent injunction will be granted when liability has been established and there is a threat of continuing violations." *MAI Sys. Corp. v. Peak Comput., Inc.*, 991 F.2d 511, 520 (9th Cir.1993) (citing *Nat'l Football League v. McBee & Bruno's, Inc.*, 792 F.2d 726, 732 (8th Cir.1986)).

Consequently, the Court will issue a permanent injunction enjoining Mr. Madsen from infringing Plaintiff's rights in *Dallas Buyers Club* and ordering him to destroy all unauthorized copies of *Dallas Buyers Club*.

### ii. Statutory Damages

Next, Plaintiff requests an award of statutory damages in the amount of $2,500 for the single instance of copyright infringement alleged. *See* Dkt. # 46 at 6. Plaintiff argues that actual damages are difficult to quantify in this case because even though *Dallas Buyers Club* could have been rented or purchased for $20 or less, that transaction does not take into account downstream revenue. *See* Dkt. # 46 at 5.

Under 17 U.S.C. § 504(c)(1), the Court may award statutory damages "in a sum of not less than $750 or more than $30,000 as the court considers just" for each infringed work. Statutory damages "serve both compensatory and punitive purposes" so as "to sanction and vindicate the statutory policy of discouraging infringement." *Los Angeles News Serv. v. Reuters Int'l, Ltd.*, 149 F.3d 987, 996 (9th Cir. 1998) (quoting *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990)). When considering the proper amount of damages, the court takes into account the amount of money requested in relation to the seriousness of the defendant's conduct, whether large sums of money are involved, and whether "the recovery sought is proportional to the harm caused

ORDER – 6

by defendant's conduct." *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1212 (W.D. Wash. 2014) (citing *Landstar*, 725 F. Supp. at 921). District courts have "wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima." *Harris v. Emus Records Corp.*, 734 F.2d 1329, 1355 (9th Cir. 1984).

Courts have found that in nearly identical cases, "damages of no more than $6,500 per infringement to be sufficient compensation for the injured copyright holder." *AF Holdings LLC v. Bossard*, 976 F. Supp. 2d 927, 930 (W.D. Mich. 2013) (collecting cases); *TCYK, LLC v. John Does 48-98*, No. 2:13-CV-540, 2015 WL 127922, at *2 (S.D. Ohio Jan. 8, 2015) (collecting cases and awarding $6,000). And at least one court has addressed the appropriate sanction involving the same film, ultimately awarding $2,250. *See Dallas Buyers Club, LLC v. Cordova*, 81 F. Supp. 3d 1025, 1035 (D. Colo. 2015). Plaintiff's requested award is within this range.

Furthermore, Plaintiff has presented some evidence and allegations that Mr. Madsen's infringement was willful[2] (see Dkt. # 46 at 3-4), even though its requested statutory damages amount is less than the $30,000 the Court may award for non-willful infringement (see 17 U.S.C. § 504(c)(1)). Specifically, Plaintiff has alleged that *Dallas Buyers Club* bears a copyright notice (Am. Compl. ¶ 45), and presented evidence that Mr. Madsen may have used BitTorrent to download other material (*see* Dkt. # 50 (Macek Decl.) ¶ 22, Ex. A). A copyright notice may create an evidentiary presumption against an innocent infringer defense. *See* 17 U.S.C. § 401(d); *Idearc Media Corp. v. Nw. Directories, Inc.*, 623 F. Supp. 2d 1223, 1230 (D. Or. 2008). And evidence of other infringement may potentially be relevant to willfulness. *Cf. Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 301 F.R.D. 487, 491 (C.D. Cal. 2014). All this is to

---

[2] "To prove 'willfulness' under the Copyright Act, the plaintiff must show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of 'reckless disregard' for, or 'willful blindness' to, the copyright holder's rights." *Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 658 F.3d 936, 944 (9th Cir. 2011) (quoting *Island Software & Comput. Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 263 (2d Cir. 2005)).

ORDER – 7

1    say that Plaintiff has reasonably shown that Mr. Madsen willfully infringed on *Dallas*

2    *Buyers Club*.

3          On the other hand, certain factors weigh against a larger damages award.  As

4    Plaintiff wholeheartedly admits, its movie "may be rented or purchased for less than

5    $20." Dkt. # 46 at 6.  Although it claims damages as a result of the loss of "direct or

6    downstream revenue" (Dkt. # 46 at 5), Plaintiff offers no evidence or argument to support

7    this claim and other Washington courts have rejected this argument in similar BitTorrent

8    cases.  Courts in those cases have instead awarded the minimum statutory award of $750

9    per work infringed.  *See Elf-Man, LLC v. C.G. Chinque Albright,* No. 13-CV-0115-TOR,

10   2014 WL 5543845 at *7 (E.D. Wash. Oct. 31, 2014); *Thompsons Film, LLC v. Athias*,

11   No. 13-CV-0126-TOR, 2014 WL 5543900 at *5 (E.D. Wash. Oct. 31, 2014).

12         With these considerations in mind, the Court finds that the statutory minimum of

13   $750 is the appropriate award in this case.  This award is in line with the awards given by

14   other courts in the Ninth Circuit and appears adequate to deter Mr. Madsen and others

15   from infringing on Plaintiff's copyright in the future.  *See e.g., Voltage Pictures, LLC v.*

16   *Martinez,* No. 3:15-CV-00002-AC, 2015 WL 4772856, at *4 (D. Or. Aug. 11, 2015); *Elf-*

17   *Man, LLC v. C.G. Chinque Albright*, 2014 WL 5543845 at *7.

18                      iii.    *Attorneys' Fees and Costs*

19         Finally, Plaintiff seeks $3.916.77 in attorneys' fees and $170 in costs.  *See* Dkt. #

20   46 at 7.  Pursuant to 17 U.S.C. § 505, the Court may "in its discretion may allow the

21   recovery of full costs by or against any party" and "may also award a reasonable

22   attorney's fee to the prevailing party."

23         Courts may consider several factors in making an attorneys' fee determination

24   under the Copyright Act, including "(1) the degree of success obtained, (2) frivolousness,

25   (3) motivation, (4) objective unreasonableness (legal and factual), and (5) the need to

26   advance considerations of compensation and deterrence." *Smith v. Jackson*, 84 F.3d

27   1213, 1221 (9th Cir. 1996) (citing *Jackson v. Axton*, 25 F.3d 884, 890 (9th Cir. 1994)).

28   ORDER – 8

These factors all weigh in favor of awarding attorneys' fees. Plaintiff has obtained success on its non-frivolous claims. Moreover, awarding fees would advance considerations of compensation and deterrence.

Courts begin with a "lodestar" method in calculating reasonable attorneys' fees, which is obtained by multiplying the number of hours reasonably expended on the litigation by an hourly rate. *See Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). Plaintiff has proposed $3,916.77 for 8.03 hours of attorney and 1.91 hours of legal assistant work at hourly rates of $495 or $510 and $145, respectively. *See* Dkt. # 47 (Lowe Decl.) ¶¶ 9-10. Plaintiff's counsel has apparently prorated the billed hours to only include those attributable to prosecuting its claims against Mr. Madsen. *See id.* ¶ 9. A review of the billing records submitted suggests that most of the claimed hours are appropriate, but the Court does not understand counsel's inclusion of time working on an opposition to John Doe 2's motion to quash or work on "settlement papers" – Mr. Madsen defaulted. Removing those entries, the Court finds that Plaintiff's counsel reasonably expended 6.11 hours and his legal assistant reasonably expended 1.84 hours. This bears a lodestar amount of $3,351.25.

Initially, Plaintiff has not presented any evidence that this is the prevailing market rate in the community and, in fact, a review of similar cases in this district suggests that rates ranging in the $200-$350 range are more appropriate. *See e.g., Broad. Music, Inc. v. Benchley Ventures, Inc., No.* C14-1023RAJ, 2015 WL 5330853, at *8 (W.D. Wash. Sept. 11, 2015) (fees of $265 and $295 more than reasonable); *BWP Media USA Inc. v. Rich Kids Clothing Co.*, LLC, No. C13-1975-MAT, 2015 WL 2124933, at *5 (W.D. Wash. May 1, 2015) ($350 per hour deemed reasonable rate); *Curtis,* 33 F. Supp. 3d at 1222 (rates ranging from $200-$320 and $150 per hour for paralegal work deemed reasonable). These cases suggest that Plaintiff's counsel's rate should be reduced.

As such, the Court considers whether other factors warrant a reduction in the lodestar calculation, such as the (1) time and labor required and (2) skill requisite to

ORDER – 9

perform the legal services properly. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). Numerous other courts confronted with similar BitTorrent cases have drastically reduced the amount of attorneys' fees awarded. Those cases have explained that these cases amounted to something akin to "form-pleading" necessitating little, if any, legal skill or attention. *See e.g., Modern Jug Face, LLC v. Wright,* No. 2:13-CV-847, 2015 WL 5244461, at *3 (S.D. Ohio Sept. 9, 2015) (collecting cases and awarding $1,500 when party requested $5,678.75); *Malibu Media, LLC v. Schelling*, 31 F. Supp. 3d 910, 913 (E.D. Mich. 2014) (awarding reasonable attorneys' fees of $555 when party requested $2,550);

This Court adopts the same reasoning. This case is one of many others in this Court involving, by this Court's count, 226 Doe defendants. By and large, those Doe defendants have practically identical allegations levied against them in nearly identical complaints. Furthermore, those are not the only cases where Plaintiff's counsel has taken this approach – based on this Court's review, Plaintiff's counsel has filed at least twelve other similar cases entitled *Cobbler Nevada, LLC v. Does 1-10*, Case No. 15-1404 and so on.

Accordingly, the Court will reduce the awarded rate to $300 an hour for attorney work. This yields an attorneys' fee award of $2,099.80.

Finally, Plaintiff requests $170 in costs. Plaintiff provides a "list" of the costs expended and attributable to prosecuting Mr. Madsen (*see* Dkt. # 47 (Lowe Decl.) ¶ 11), which this Court finds is appropriate. The Court will award those costs.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion and enters default judgment against Mr. Madsen. The Clerk will enter judgment for Plaintiff requesting this Order. Specifically, this Court enters judgment against Mr. Madsen as follows:

ORDER – 10

1. Defendant Tyler Madsen is hereby permanently enjoined from directly, indirectly, or contributorily infringing Plaintiff Dallas Buyers Club, LLC's rights in the work *Dallas Buyers Club*, including without limitation by using the Internet to reproduce or copy *Dallas Buyers Club*, to distribute *Dallas Buyers Club*, or to make *Dallas Buyers Club* available for distribution to the public, except pursuant to lawful written license or with the express authority of Plaintiff;

2. To the extent any such material exists, Defendant Tyler Madsen is directed to destroy all unauthorized copies of *Dallas Buyers Club* in his possession or subject to his control;

3. Statutory damages in the amount of $750;

4. Attorneys' fees in the amount of $2,099.80 and costs in the amount of $170.

DATED this 2nd day of November, 2015.

The Honorable Richard A. Jones
United States District Judge

ORDER – 11